# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY WILLIAMS,                          )
                                           )    Civil Action No.  10 - 353
              Petitioner,    )
                                           )    Magistrate Judge Lisa Pupo Lenihan
              v.             )
                                           )
THE DISTRICT ATTORNEY OF                   )
ALLEGHENY COUNTY; FRANK                    )
TENNIS;  THE ATTORNEY                      )
GENERAL OF THE STATE OF                    )
PENNSYLVANIA,                              )
                                           )
              Respondents.

## MEMORANDUM OPINION AND ORDER

Petitioner, Jeffrey Williams, a state prisoner presently confined at the State Correctional Institution at Rockview, Pennsylvania, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he seeks to challenge his 1991 convictions for sex related crimes. For the reasons set forth below, the instant habeas corpus application must be dismissed as not cognizable under 28 U.S.C. § 2254.

### A. Relevant Procedural History

On March 13, 1991, Petitioner, was charged by Criminal Information filed in the Court of Common Pleas of Allegheny County, Criminal Division, at CC1991032561 as follows:  Count 1—Rape; Count 2—Statutory Rape; Count 3—Aggravated Indecent Assault; Count 4—Kidnapping; Count 5—Indecent Assault; Count 6—Corruption of Minors; and Count 7—Unlawful Restraint. The charges arose from a December 28, 1990 incident involving a twelve-year-old girl.  Following a jury trial, Petitioner was found guilty of aggravated indecent assault, kidnapping, indecent assault, corruption of minors and unlawful restraint and not guilty of rape and statutory rape.  On September

17, 1991, Petitioner was sentenced to five (5) to twelve (12) years imprisonment for his conviction of kidnapping and a concurrent sentence of one and one-half (1 ½) to three (3) years imprisonment on his conviction of aggravated indecent assault; no further penalty was imposed on the remaining convictions.

On December 21, 2000, the trial court vacated Petitioner's original sentence and imposed a new sentence of from 2½ to 5 years imprisonment at Count 4, Kidnapping, effective September 9, 1991, followed by four years probation. On March 26, 2001, the Commonwealth filed a Motion to Clarify Sentence so that the petitioner would receive credit for all time spent in custody since the date of his conviction. On May 31, 2001, the trial court issued a new sentencing Order and Petitioner was re-sentenced to one to 5 years at Count 4, Kidnapping, effective September 17, 1991, followed by a consecutive four years probation at Count 3, Aggravated Indecent Assault, to start immediately upon completion of the sentence imposed at Count 4. As a result of this new sentence, Petitioner was released from incarceration; he was also deemed to have completed his term of probation at the time of his release.

On September 14, 2006, Petitioner filed a pro se petition for writ of error coram nobis, alleging that the sentence imposed on May 31, 2001 was illegal because he was not present at the sentencing hearing and that the new sentence violated the Double Jeopardy clause of the Constitution. The docket does not reveal that the trial court ruled on this motion. On July 12, 2007, Petitioner filed a third pro se PCRA petition, raising a claim related to "newly discovered evidence" of allegedly inconsistent statements made by the victim, C.A., at an unrelated jury trial. By Order dated July 30, 2008, the PCRA court dismissed the petition without a hearing, finding the petitioner's claim to be untimely raised. On July 2, 2009, the Superior Court issued a published

opinion affirming the PCRA court's dismissal of the petition and holding that Petitioner was not

eligible for relief because he was no longer serving a sentence of imprisonment or probation.

Petitioner filed a timely pro se Petition for Allowance of Appeal to the Pennsylvania Supreme

Court, wherein he raised the following issues.

1.      Whether the Superior Court's determination that the petitioner, who
        currently has to register under Megan's Law II, and who has recently
        discovered evidence to challenge the conviction which imposed the
        Megan's Law II registration requirements for life, can not challenge
        the conviction because the petitioner is allegedly not serving a
        sentence of imprisonment , parole or probation pursuant to 42 Pa.C.S.
        §9543(a)(1)(i) is unreasonable and the cases relied upon by the court
        is distinguish [sic] from the instant matter of first impression in the
        Pennsylvania Courts.

2.      Whether the Pennsylvania Supreme Court should exercise its power
        pursuant to Const. Art. V §10(c), to include Megan's Law II
        registration as one of the requirements under 42 Pa.C.S.
        §9543(a)(1)(i) because the section became effected [sic] in 1988,
        seven years before Megan's Law was enacted and at the time parole
        and probation were the only requirements and the Legislator [sic] did
        not have the benefit to consider Megan's Law registration resulting
        from conviction.

The Supreme Court denied relief by per curiam Order on February 25, 2010.

On March 16, 2010, Petitioner filed his pro se Petition for Writ of Habeas Corpus in this

Court wherein he raised the following claims.

1.      After-discovered evidence which would determine the outcome of the
        trial.

2.      Double Jeopardy—Petitioner was re-sentenced on an offense for
        which the original sentence had already expired.

### B. Custody Requirement in Habeas Corpus Proceedings

Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases

or controversies."  This is a "bedrock requirement" and requires the plaintiff to establish that he or

she has proper "standing" to sue.  Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted).  The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical."  Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted).  To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.  Raines, 521 U.S. at 818 (quotation omitted).  The case-or-controversy requirement subsists through all stages of federal judicial proceedings and the parties must continue to have a personal stake in the outcome of the lawsuit.  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal citation and quotation omitted).

28 U.S.C. § 2254(a) provides United States district courts with subject matter jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States.  This statutory language requires the habeas petitioner to be "in custody" under the conviction or sentence under attack at the time his petition is filed, *see* Garlotte v. Fordice, 515 U.S. 39 (1995); Maleng v. Cook, 490 U.S. 488, 491 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968), as the purpose of a writ of habeas corpus is to challenge the legal authority under which the petitioner is held in custody.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The remedy is release.  *Id.*; Georgevich v. Strauss, 772 F.2d 1078 (3d Cir.

4

1985), *cert. denied*, 475 U.S. 1028 (1986).

The "in custody" requirement is a jurisdictional requirement. Maleng v. Cook, 490 U.S. 488, 490 (1989) ( per curiam ). If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) ( per curiam ) ("District Court was without jurisdiction to address the merits of ... section 2254 petition because [the petitioner] ... was no longer 'in custody' for his state conviction"), *cert. denied*, 516 U.S. 926 (1995); United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971) ("the sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody' "), *cert. denied*, 409 U.S. 853 (1972). A habeas petitioner need not be literally locked behind bars in order to satisfy the jurisdictional "in custody" requirement. A person who has been released from prison, but remains subject to the restrictions of parole, is considered to be "in custody" for habeas purposes. Jones v. Cunningham, 371 U.S. 236 (1963). Similarly, a person who is released from custody while awaiting trial, either on bail or on "his own recognizance," is considered to be "in custody," because of the significant restrictions on his freedoms. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (concluding that "a person released on bail or on his own recognizance may be 'in custody' within the meaning of the statute").

If the statutory "in custody" requirement is satisfied, and jurisdiction therefore exists when a habeas case is filed, the court's jurisdiction is not extinguished by the petitioner's later release from custody. Carafas v. LaVallee, 391 U.S. 234 (1968). However, a habeas case can be rendered moot if the petitioner is released from custody while his petition is still pending if the release effectively provides all of the relief he is seeking. *See* Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). But if a

habeas petitioner is challenging the validity of his conviction, (and not just the length of his sentence), then his release from prison will not cause his petition to be moot because there are "collateral consequences" of the conviction that will continue to affect the petitioner even after his release from custody. In <u>Carafas</u>, the Supreme Court held that the collateral consequences of a conviction can keep a habeas case from becoming moot after the petitioner is released. The Court explained:

> It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; ... he cannot serve as an official of a labor union for a specified period of time; ... he cannot vote in any election held in New York State; ... he cannot serve as a juror.... Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' On account of these 'collateral consequences, ... the case is not moot.

Carafas, 391 U.S. at 237-38 (footnotes and citations omitted). *See also* <u>Maleng</u>, 488 U.S. at 491-92 (a habeas petitioner's unconditional discharge from custody while the case is pending does not preclude a court from considering the constitutionality of his conviction, because "the 'collateral consequences' of the petitioner's conviction-his inability to vote, engage in certain businesses, hold public office, or serve as a juror-prevent[ ] the case from being moot").

While collateral consequences of a conviction can prevent a habeas case from becoming moot if the habeas petitioner is released from custody while his petition is still pending, collateral consequences alone will not satisfy the jurisdictional "in custody" requirement. <u>Maleng</u>, 490 U.S. at 492 ("the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it"). If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction

alone will not satisfy the jurisdictional "in custody" requirement. *Id*.

In the present case, Respondent contends that Petitioner was not "in custody" pursuant to the conviction that he is attempting to challenge (*i.e.*, the 1991 convictions), when he filed his current petition. According to Respondent, Petitioner's sentence for the challenged conviction had fully expired long before this action was filed. Petitioner does not deny that his sentence was fully served and expired before this action was commenced. Petitioner contends, however, that even though his sentence for his 1991 convictions was fully served and expired before this action was commenced, he has still satisfied the § 2254(a) "in custody" requirement. First, Petitioner contends that he is still "in custody" for the 1991 convictions because the sentence that he is currently is serving was enhanced by the 1991 conviction. Second, he argues that he still is "in custody" for the conviction at issue in this case because that conviction compelled him to register as a sex offender under Pennsylvania's Registration of Sexual Offender's Act (Megan's Law II). Neither of these arguments have merit.

A. Petitioner's Subsequent Sentence

Petitioner first argues that he satisfies the § 2254(a) "in custody" requirement because the sentence he is now serving was enhanced by the 1991 convictions. In this regard, Petitioner currently is serving an aggregate sentence of from fifteen to thirty years for his conviction in 2007 for Kidnapping, Corruption of Minors, and Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance and Possession of Drug Paraphernalia. Petitioner claims that because his 1991 conviction was used to enhance his 2007 sentence, he is "in custody" for purposes of federal habeas corpus review.

This argument has been addressed by the United States Supreme Court on several occasions.

First, in Maleng v. Cook, 490 U.S. 488 (1989), the petitioner filed a § 2254 petition listing as the conviction under attack a 1958 state conviction for which he had already served the entirety of his sentence. He also alleged that the 1958 conviction had been used illegally to enhance his 1978 state sentences which he had not yet begun to serve because he was at that time in federal custody on an unrelated matter. The Court held that the petitioner was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. Notwithstanding, the Court further held that, because his § 2254 petition could be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, he satisfied the "in custody" requirement for federal habeas jurisdiction. Id. at 493-494. In other words, by construing the petitioner's habeas petition with the deference to which pro se litigants are entitled, the Court found that the petition could be read as asserting a challenge to the 1978 sentences as enhanced by the allegedly invalid prior1958 conviction. Thus, the petitioner could not satisfy the jurisdictional "in custody" requirement if he attempted to challenge his 1958 conviction directly, but he could satisfy the "in custody" requirement if (but only if) his petition was construed to be a challenge to his still uncompleted 1978 conviction and sentence.

The Court revisited this issue in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). In that case, the habeas petitioner was convicted of assault in 1986 and again in 1990. In 1994 while serving his 1990 sentence, he filed a habeas corpus petition challenging his 1986 conviction, which had been fully served at that time. In accordance with Maleng, the habeas petition was construed as asserting a challenge to the 1990 sentence as enhanced by the allegedly invalid prior 1986 conviction. Coss, 532 U.S. at 401-02. Notwithstanding, the Supreme Court ultimately concluded that even though Coss satisfied the "in custody" requirement (because his habeas petition

was construed to be challenge to the 1990 sentence that had not yet expired), his challenge to his 1986 conviction still could not be entertained. The Court based its ruling on the following considerations.

> More important for our purposes here is the question we explicitly left unanswered in Maleng: "the extent to which the prior expired conviction itself may be subject to challenge in the attack upon the current sentence which it was used to enhance. We encountered this same question in the § 2255 context in Daniels v. United States, [532 U.S. 374 (2001)]. We held there that "[i]f ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant ... may not collaterally attack his prior conviction through a motion under § 2255." We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

> We grounded our holding in Daniels on considerations relating to the need for finality of convictions and ease of administration. Those concerns are equally present in the § 2254 context. The first and most compelling interest is in the finality of convictions. Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. Specifically, each State has created mechanisms for both direct appeal and state post conviction review even though there is no constitutional mandate that they do so. Moreover, § 2254 makes federal courts available to review state criminal proceedings for compliance with federal constitutional mandates.

> As we said in Daniels, "[t]hese vehicles for review ... are not available indefinitely and without limitation." A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the 'presumption of regularity' that attaches to final judgments."

An additional concern is ease of administration of challenges to expired state convictions. Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands. As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially.

Accordingly, as in Daniels, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 402-404 (internal citations omitted).

The rule adopted in Coss is clear: a prisoner may not challenge through federal habeas corpus review a sentence that has been fully served even if that conviction enhanced a later sentence for which the petitioner is still in custody. In so concluding, the Court adopted one exception to this rule.

As in Daniels, we recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). The special status of Gideon claims in this context is well established in our case law.

As we recognized in Custis, the "failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect," which therefore warrants special treatment among alleged constitutional violations. Moreover, allowing an exception for Gideon challenges does not implicate our concern about administrative ease, as the "failure to appoint counsel ... will generally appear from the judgment roll itself, or from an

10

accompanying minute order."

> As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies. When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.

Coss, 532 U.S. at 404-405.

In this case, Petitioner has not presented a Gideon-based challenge to his 1991 conviction as he was, in fact, represented by counsel in that matter. Therefore, Petitioner does not qualify for the one exception to the rule of Coss. While the Court considered at least two additional exceptions for (1) constitutional claims that the state courts refused to decide without justification and (2) claims based on compelling evidence that the petitioner is actually innocent of the crime for which he was convicted and which he could not have uncovered in a timely manner, the Court found that the facts at bar did not require it to determine whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in such circumstances. Coss, 532 U.S. at 405. Neither of these exceptions aid Petitioner in the case at bar because he has not cited any constitutional claims that the Pennsylvania state courts refused to consider "without justification," and he has not offered any "compelling evidence" which shows that he must, in fact, be "actually innocent" of the crime for which he was convicted. As such, Petitioner's first argument that this Court has authority to review his 1991 convictions under 28 U.S.C. § 2254 is without merit.

### B. Sex Offender Registration

Petitioner's second argument is that, because he is subject to lifetime reporting requirements for sexual offenders under Pennsylvania's Registration of Sexual Offender's Act (Megan's Law II),

42 Pa.C.S.A. §9795.1, he satisfies the "in custody" requirement of §2254. This argument has been universally rejected by every court that has considered it.

One of the first cases to encounter this issue is set forth in <u>Williamson v. Gregoire</u>, 151 F.3d 1180 (9th Cir. 1998), *cert. denied*, 525 U.S. 1081 (1999). In that case, the petitioner had been convicted of child molestation in 1990 and, as a result, was required to register as a sex offender under Washington law. This law required Petitioner to register with the county sheriff for the county of his residence, and provide his name, address, date and place of birth, place of employment, crime for which he was convicted, date and place of conviction, any aliases used, and his social security number. He was required to verify his address annually, and if he moved, he was required to notify the sheriff for the county where he would be living 14 days before moving. If he moved out of state, he was required to notify the sheriff for the county from which he was departing within 10 days of the move. If he attended an institution of higher education, he was required to notify the institution's department of public safety. If he failed to comply with the sex offender registration law, he could be charged with a felony or misdemeanor. *Id*. at 1181.

After he had completed serving his 1990 sentence, the petitioner filed a federal habeas corpus petition challenging his 1990 child molestation conviction. In reviewing this claim, the Court of Appeals for the Ninth Circuit made the following observations.

> Yet, even as the Supreme Court has expanded the reach of the "in custody" requirement, it has consistently recognized a clear limitation: Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it. Some of the typical collateral consequences of a conviction include the inability to vote, engage in certain businesses, hold public office, or serve as a juror.

> Thus, the boundary that limits the "in custody" requirement

is the line between a "restraint on liberty" and a "collateral consequence of a conviction." In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the "in custody" requirement.

The question before us, then, is how to characterize the Washington sex offender law. If it is a genuine restraint on liberty, then Williamson is "in custody" and we may consider the merits of his habeas petition. But if application of the sex offender law is merely a collateral consequence of Williamson's conviction, the federal courts are without habeas jurisdiction in this case. . . . [S]everal factors persuade us that the Washington law is more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty.

Williamson, 151 F.3d at 1183.

In making this determination, the Court noted that Supreme Court precedents that found a restraint on liberty relied heavily on the notion of a physical sense of liberty, *i.e.*, "whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Id.* The Court concluded that the requirements of the Washington registration law did not impose a significant restraint on Williamson's physical liberty because the statute did not "target Williamson's movement," or "demand his physical presence at any time or place" notwithstanding that it "might create some kind of subjective chill on Williamson's desire to travel." *Id.* at 1184. Thus, the Court concluded that the district court lacked jurisdiction over the habeas petition as the petitioner was not in custody as required under the statute.

Every other federal court that has considered the issue has concluded that the burdens and requirements of sex offender registration laws, many much more onerous than the Washington statute, are merely collateral consequences of a conviction and they do not cause a registered sex offender to be "in custody" for purposes of § 2254(a). *See, e.g.*, Virsnieks v.. Smith, 521 F.3d 707,

720 (7th Cir. 2008) (Wisconsin sexual offender registration law); Leslie v. Randle, 296 F.3d 518, 521-23 (6th Cir. 2002) (Ohio sex offender registration statute); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California sex offender registration statute); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon sex offender registration law); Coleman v. Arpaio, Civil No. 09-6308, 2010 WL 1707031, at *3 (D.N.J. Apr. 27, 2010) (collecting district court cases holding that the requirement to register as a sex offender imposed by state statutes does not satisfy the custody requirement of federal habeas review); Frazier v. People of State of Colorado, Civil No. 08-02427, 2010 WL 2844080 (D. Colo. July 16, 2010) (Colorado sex offender registration law); Stevens v. Fabian, Civil No. 08-1011, 2009 WL 161216, 1 (D. Minn. Jan. 22, 2009) (Minnesota registration law); Caires v. Iramina, Civil No. No. 08-110, 2008 WL 2421640 (D. Hawaii June 16, 2008) (Hawaii sex offender registration law); Davis v. Nassau County, 524 F.Supp.2d 182, 187-89 (E.D.N.Y. 2007) (New York and Oklahoma sex offender registration laws); Ali v. Carlton, Civil No. 04-398, 2005 WL 1118066 (E.D. Tenn. April 25, 2005) (Tennessee sex offender registration law); Johnson v. Ashe, 421 F.Supp.2d 339, 342-43 (D. Mass. 2006) (Massachusetts sex offender registration law).

Moreover, at least three Pennsylvania courts have concluded that the Pennsylvania registration requirements are insufficient to establish that a petitioner is in custody for purposes of federal habeas corpus review. *See, e.g*, Cravener v. Cameron, Civil No. 08-1568, 2010 WL 235119 (W.D. Pa. Jan. 15, 2010); Story v. Dauer, Civil No. 08-1682, 2009 WL 416277, at *1 (W.D. Pa. Feb.18, 2009) (finding a challenge to the Pennsylvania Megan's law registration requirements not cognizable in a federal habeas proceeding and holding that "[f]or purposes of implementing this [federal habeas] statute, the term 'in custody' as been interpreted not to include the requirement for

registration as a sexual predator."); <u>Bankoff v. Pennsylvania</u>, Civil No. 09-2042, 2010 WL 396096

(E.D. Pa. Feb. 2, 2010).[1]

Petitioner has not identified, and this Court has not been able to locate, a single case in which

a court found that a habeas petitioner satisfied the § 2254 "in custody" requirement, simply because

he was subject to the requirements of a sex offender registration law. Because this is the law and

Petitioner has offered any persuasive argument to the contrary, he has failed to carry his burden to

show that his challenge is properly cognizable as a habeas claim and that he is entitled to relief via

a federal writ of habeas corpus.

### C. Certificate of Appealability

The Antiterrorism Act included several major reforms to the federal habeas corpus laws.

Section 102 of the Antiterrorism Act (28 U.S.C. § 2253(c) (as amended)) codified the standards

governing the issuance of a certificate of appealability for appellate review of a district court's

disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability

may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right."

In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district

court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was

---

1. *See also* Brian R. Means, Federal Habeas Manual, § 1:22 (2009) ( "Registration pursuant to a sexual offender registration statute does not satisfy the 'custody' requirement. Nor does the future threat of incarceration for registrants who fail to comply with the registration statute.").

correct in its procedural ruling. Applying this standard to the instant case, the court concludes that

jurists of reason would not find it debatable whether dismissal of the petition is correct.

Accordingly, a certificate of appealability will be denied. An appropriate order follows.

**ORDER**

**AND NOW**, this 29th day of October, 2010;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of

Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3

of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge