# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WILLIAMS, | Civil Action No. 10 - 353 |
| Petitioner, | |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| THE DISTRICT ATTORNEY OF ALLEGHENY COUNTY, *et al.*, | ECF No. 33 |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner's fifth Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed on December 28, 2012. (ECF No. 33.) For the reasons explained herein, Petitioner's Motion will be denied.

### I.  PROCEDURAL BACKGROUND

Jeffrey Williams ("Petitioner") initiated this action in March 2010 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his habeas petition (ECF No. 3), he challenged his 1991 convictions for sex related crimes. In a Memorandum Opinion and Order dated October 29, 2012, the Court dismissed the habeas petition as not cognizable under section 2254 because Petitioner was no longer "in custody" for the conviction he was attempting to challenge. (ECF No. 15.) Shortly thereafter, Petitioner filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 16.) The motion was denied, and

1

Petitioner appealed the denial of the motion and his petition to the Third Circuit Court of Appeals. (ECF Nos. 17, 18.) In an Order dated April 14, 2011, the Third Circuit denied Petitioner's request for a certificate of appealability, stating:

> Williams argues that a 1991 sentence – that he has fully served – was improperly modified in 2000 and 2001, and that the improper modification thereafter enhanced sentences imposed on unrelated matters in 2006 and 2007. Williams may *only* address these errors, to the extent that he may do so at all, by framing his petition as a challenge to his current conviction and sentence. But of the two current convictions at issue, one has been vacated and remanded for a new trial; an attack on it would therefore be moot. And while Williams avers that his 2007 sentence was improperly enhanced, it is unclear whether he has finished state direct and collateral review of the aspects of that sentence and conviction to which he objects. It is essential that habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief, and Williams was not asked whether his petition challenging his 1991 convictions should be reconfigured as attacking his 2007 conviction. Accordingly, we will not reconfigure the request on appeal. We emphasize, however, that the current petition does not "count" as an attack on Williams's current custody.
>
> Should Williams wish to attack his 2007 sentence as improperly enhanced by his 1991 sentence, he should do so in a new petition that gathers other claims he may wish to raise as to that conviction. We emphasize that we do not decide at this time whether the District Court may consider in such a petition whether Williams's rights were violated when the 1991 conviction (or, more specifically, the state court's 2000/2001 recalculations of his sentence under that conviction) was used to figure the current sentence; we observe, however, that the District Court may have too narrowly viewed the situations where that is possible under Coss.

(ECF No. 23) (internal citations and quotations omitted).

On June 20, 2011, Petitioner filed a third Motion pursuant to Rule 60(b), which this Court denied on June 21, 2011.[1] (ECF No. 25.)

On June 27, 2011, Petitioner initiated another habeas action in this Court. The petition was filed in case number 2:11-cv-862, and Respondents moved to dismiss the

---

[1] Petitioner filed a second Rule 60(b) Motion on January 12, 2011 (ECF No. 21), shortly after his first Rule 60(b) motion was denied. The Court denied his second Rule 60(b) Motion on January 13, 2011. This was while Petitioner's appeal was pending with the Third Circuit.

2

habeas petition on the ground that it was a second or successive habeas petition which Petitioner had not been granted permission to file. *See* Case No. 2:11-cv-862, ECF No. 10. After an extensive analysis, the undersigned recommended that the petition be dismissed as a second or successive petition. *See* Case No. 2:11-cv-862, ECF No. 17. Petitioner filed objections to the undersigned Report and Recommendation, but the Court adopted the Report and Recommendation, granted Respondents' Motion to Dismiss, and dismissed the petition as a second or successive petition. *See* Case No. 2:11-cv-862, ECF No. 19. Thereafter, Petitioner appealed, and, on November 7, 2012, the Third Circuit denied Petitioner's request for a certificate of appealability. *See* Case No. 2:11-cv-862, ECF No. 27. In its Order denying said request, the Third Circuit stated:

> To the extent that [Petitioner's] habeas petition was directly predicated on his 1991 conviction (and the 2000/2001 resentencings connected to that conviction), because Williams is no longer in custody under that conviction, jurists of reason would not debate that the petition is not cognizable. Nor would jurists or reason debate that to the extent that [Petitioner] was attempting to attack his 2007 sentence as improperly enhanced by his 1991 sentence, he was required to first seeks authorization from this Court. Such authorization was necessary because [Petitioner] previously attached his 2007 sentence in a petition docketed at W.D. Pa. Civ. No. 10-cv-936.

Case No, 2:11-cv-862, ECF No. 27.

During the pendency of the aforementioned habeas proceedings in Case No. 2:11-cv-862, Petitioner filed a fourth Motion pursuant to Rule 60(b) in this case which was denied the same day. (ECF No. 27.) Pending before the Court is Petitioner's fifth Motion pursuant to Rule 60(b). (ECF No. 33.)

**II. DISCUSSION**

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the

operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances," which the Supreme Court has recognized "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

In his Rule 60(b) Motion, Petitioner is challenging this Court's Opinion and Order dated October 29, 2010, dismissing his habeas petition because he was no longer "in custody" for the challenged conviction. Specifically, Petitioner argues that the collateral consequences of his conviction are sufficient to render him "in custody" for purposes of federal habeas relief.[2] *See* ECF No. 33 at 4. He requests that the Court vacate the judgment entered on October 29, 2010, find that he is "in custody," and grant him habeas relief due to alleged errors made in his 2001 resentence proceedings on his 1991 conviction and after-discovered evidence which would have altered the outcome of his trial.[3] *See* ECF No. 33 at 7.

Upon review, it appears as though Petitioner's Rule 60(b) challenge stems from recent changes made to Pennsylvania's sexual offender registration law that went into effect on December 20, 2012. (ECF No. 33-1 at 2.) He argues that these changes, which he will be

---

[2] It is not clear whether these collateral consequences are associated with his 1991 conviction (or 2000/2001 resentence) or his 2007 conviction. Petitioner merely states that these requirements were imposed on December 20, 2012, and he will be subjected to them upon his release from prison. The Court notes that Petitioner is currently serving a term of incarceration for his 2007 conviction, but is no longer in custody for his 1991 conviction (or 2000/2001 resentence) for which he challenged in this case. However, Petitioner states that "it is the judgment entered on May 31, 2001, that renders [him] in custody, in regards to the aggravated indecent assault sentence imposed on that date." (ECF No. 33 at 6.) As such, the Court will assume that these are collateral consequences associated with his resentence for his 1991 conviction.

[3] Petitioner argues that neither he, nor his attorney, were present when his sentence was modified on May 31, 2001, and that his resentence violates double jeopardy because his sentence for his 1991 conviction had already expired. *See* ECF No. 33 at 1-2. He also argues that, in 2007, the alleged victim in his 1991 case gave testimony in an unrelated matter about the facts of his 1991 criminal case, and her testimony revealed defects in the identification process of which the jury in his 1991 criminal trial was unaware. He claims that had this information been revealed, it would have cast doubt on her 1991 testimony. Id. at 2. These are the claims that Petitioner raised in his habeas petition in this case.

subjected to upon his release from incarceration for an unrelated conviction, are sufficient to establish that he is "in custody" for purposes of federal habeas review.

The Court finds that Petitioner has not established "extraordinary circumstances" to vacate the Order dated October 29, 2010, and reopen judgment to consider the merits of his habeas claims. First, the Court notes that, in connection with his habeas petition in this case, Petitioner argued that he satisfied the "in custody" requirement of section 2254 because he is subject to lifetime reporting requirements for sexual offenders under Pennsylvania's Registration of Sexual Offender's Act (Megan's Law II), 42 Pa. C.S.A. § 9795.1. After citing to numerous cases where courts have addressed and rejected this argument in connection with Pennsylvania and other state sex offender registration laws, this Court found that Pennsylvania's registration requirements were insufficient to establish that a petitioner is "in custody" for purposes of federal habeas corpus review. Petitioner has not demonstrated that this finding was in error. Moreover, with respect to the recent changes made to Pennsylvania's sex offender registration law, the Court notes that Petitioner is currently incarcerated on an unrelated conviction out of Allegheny County, and, as such, he is not yet subject to the registration law reporting requirements and is therefore not "in custody" for purposes of federal habeas review. Finally, this is Petitioner's fifth Rule 60(b) motion since the Court dismissed his habeas petition on October 29, 2010. This is clearly an abuse of the writ. Petitioner is hereby advised that the Court will not entertain any more motions on this issue in the future. A Rule 60(b) motion may not be used as a substitute for appeal, and legal error, without more, cannot justify granting a Rule 60(b) motion. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

**AND NOW** this 14th day of January, 2013,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Jeffrey Williams
GU 3700
SCI Rockview
Box A
Bellefonte, PA  16823
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*